IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SUSAN K. SUMRALL,

       Plaintiff,

vs.                              CASE NO.: 4:03cv103-SPM

JOHN E. POTTER, Postmaster General,
United States Postal Service,

       Defendant.
_____/

## ORDER DENYING MOTIONS TO DISMISS AND LIMIT EVIDENCE

This cause comes before the Court for consideration of Defendant's motion to limit and dismiss claims (doc. 157), Plaintiff's response (doc. 159), Plaintiff's first motion in limine (doc. 158), and Defendant's Response (doc. 161).

### I.    MAY 25, 2006 TERMINATION

Defendant argues that Plaintiff's retaliation claim for her second termination on March 25, 2006 should be dismissed for failure to exhaust administrative remedies. It is undisputed that Plaintiff did not timely seek EEO counseling, nor did she pursue or exhaust her administrative remedies with the Postal Service with regard to this claim. Nevertheless, dismissal of this claim is not appropriate.

A complainant need not file a separate administrative complaint for retaliation arising after the filing of an initial EEOC complaint.  Baker v. Buckeye Cellulose Corp., 856 F.2d 167, 168-69 (11th Cir. 1988).   This position has long been established in the Eleventh Circuit.  Id. at 169.  The practical reason for not requiring a second filing is that it would serve no purpose.  Id.  A retaliation claim arising after the filing of an initial EEOC complaint falls within the scope of the EEOC investigation that is likely to grow out of the initial complaint.  Id.  A second filing would only "create additional procedural technicalities" and "a single filing would comply with the intent of Title VII."  Id.

Defendant argues, nevertheless, that dismissal is required because unexhausted claims involving discrete employment actions must be separately grieved.  Defendant cites to the Supreme Court's opinion in National Rail Road Passenger Corporation v. Morgan , 536 U.S. 101 (2002), for the proposition that the continuing violation doctrine is not applicable to discrete incidents of discrimination.  Defendant concludes therefrom that regardless of whether Plaintiff's second termination falls within the scope of the initial EEOC investigation, she must separately exhaust administrative remedies as to that claim.

Defendant's position has been accepted by the Tenth Circuit Court of Appeals.  Martinez v. Potter, 347 F.3d 1208, 1210-11 (10th Cir. 2003).  As Plaintiff notes, however, the position has been rejected by other federal courts,

CASE NO.: 4:03cv103-SPM

including the Eighth and Sixth Circuits.  See Wedow v. City of Kansas City, 442 F.3d 661, 673-74 (8th Cir. 2006); Delisle v. Brimfield Township Police Dep't, No. 02-3050, 2004 WL 445181, at *4-6, 94 Fed. Appx. 247, 251-54 (6th Cir. Mar. 8, 2004) (not selected for publication in the Federal Reporter).  The Eleventh Circuit has not addressed the issue.

This Court agrees with the position taken by the Eighth and Sixth Circuits. As noted by those courts, Morgan addressed the timeliness of administrative complaints and the applicability of the continuing violation doctrine to save claims that have not been timely filed.  Morgan did not address the issue of whether related, after-occurring incidents can be included within the scope of a timely filed administrative complaint.

The law in the Eleventh Circuit currently provides that a related, after-occurring incident of retaliation can be included within the scope of a timely filed administrative complaint.  Baker v. Buckeye Cellulose Corp., 856 F.2d 167, 168-69 (11th Cir. 1988).   The Morgan decision is not clearly contrary to the law in the Eleventh Circuit, which this Court must follow.  Accordingly, Defendant's motion to dismiss Plaintiff's retaliation claim for her second termination on March 25, 2006 will be denied.

## II.   EVIDENTIARY RULINGS

Both sides seeks to limit certain categories of evidence from being admitted during the course of the trial; specifically, settlement of past grievances,

lay opinion testimony of motive, stray remarks, remarks by non-decision makers, "me too" evidence, "comparables" evidence, evidence that is too old, evidence of sexual harassment, evidence of favorable treatment, and the arbitral decision. The parties do not claim that any category of evidence is subject to blanket exclusion from trial. Furthermore, few particulars have been revealed about the disputed evidence.

A preliminary ruling of admissibility can be made only as to the past grievances and the arbitral decision.

### A. Past Grievances

The Court has some recollection of the evidence offered at the first trial of this case in 2005. Consistent with the ruling at the first trial, the Court finds that evidence regarding Plaintiff's past grievances are admissible.

Plaintiff's retaliation claim rests in substantial part on disciplinary action taken against her, which she claims was unfounded or overblown. Plaintiff's grievances regarding the disciplinary action are probative of what people involved in this case did and the reasons they gave for doing so. The grievances provide essential context for the jury to understand the facts of this case.

### B. Arbitral Decision

An arbitral decision may be admitted as evidence at an employment discrimination trial. Alexander v. Gardner-Denver Co., 415 U.S. 36, 60 (1974). In this case, the Court finds that the arbitral decision is relevant to the issue of

CASE NO.: 4:03cv103-SPM

whether Defendant had legitimate reasons for terminating Plaintiff for a second time on March 25, 2006.  Plaintiff's concerns about misleading or confusing the jury can be addressed through argument.   The danger of unfair prejudice does not outweigh probative value.

### III.    DOCUMENTS NOT PRODUCED

Plaintiff seeks to exclude from evidence all documents Defendant failed to produce during discovery.   Most or all of these documents were available to Plaintiff.  Unless Plaintiff can demonstrate prejudice, the Court is not inclined to exclude them from evidence.

Based on the foregoing, it is

ORDERED AND ADJUDGED:

1.    The motions in limine (docs. 157 and 158) are denied.

2.    The Court may reconsider its evidentiary rulings as the evidence is offered in context at trial.

DONE AND ORDERED this 22nd day of April, 2007.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

CASE NO.: 4:03cv103-SPM